UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EVANS,

      Plaintiff,

                                  Case No. 2:24-cv-13258

v.                                 Hon. Mark A. Goldsmith

MICHAEL E. ULCH et al.,

      Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983.  Plaintiff Anthony Evans is currently serving a life sentence at the Thumb Correctional Facility as a result of his 1989 Wayne Circuit Court conviction for first-degree murder.[1]  Evans's complaint lists nine defendants: (i) Michael E. Ulch, Residential Unit Manager (RUM) at the G. Robert Cotton Correctional Facility (JCF); (ii) T. Cobb, Grievance Coordinator, JCF; (iii) M. McCallum, Assistant Deputy Warden, JCF; (iv) R. Drabek, Assistant Deputy Warden, JCF; (v) Kim Cargor, Warden, JCF; (vi) John Doe No. 1, Supervisor – Training Squad, JCF; (vii) John Doe No. 2, MDOC Recruit, JCF; (viii) John Doe No. 3, MDOC Recruit, JCF; (ix) Richard D. Russell, MDOC Grievance Section Manager.  See Compl. at PageID.2–3 (Dkt. 1).

The complaint asserts that, on October 25, 2023, Evans's legal footlockers were improperly confiscated, disrupting his preparation of a state post-conviction motion.  He asserts that Defendants thereafter erroneously denied grievances regarding the loss of materials.  Evans also claims that, in an unrelated incident occurring on June 12, 2024, the John Doe Defendants

---

[1] See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=195266.

wrongfully destroyed other items of his personal property during a training shake-down.  For the reasons that follow, the Court will summarily dismiss the complaint for Evan's failure to state a claim.

## I.     BACKGROUND

The case is before the Court for screening under the PLRA.  Evans has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence.  See 1/27/25 Order (Dkt. 5).  Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." Paige v. Coyner, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Evans asserts that on October 25, 2023, while he was an inmate at the Cotton Correctional Facility in Jackson, Michigan, he was ordered to pack all his personal property as part of a mass property reduction. Compl. ¶ 15. Defendant Ulch told Evans that his property would be limited to one legal footlocker and one personal footlocker. At the time, Evans was using three footlockers for his legal materials. Id. ¶¶ 16–17. A corrections officer loaded the footlockers on a cart and took them away. Id. ¶ 18. The legal materials included documents and research materials related to his criminal case and a state post-conviction review proceeding Evans was preparing. Id. ¶ 19.

On December 17, 2023, Evans made a written inquiry regarding the confiscation, mistakenly identifying Rohrig instead of Ulch as the RUM of his unit due to an erroneous posting on the unit's bulletin board. Id. ¶ 21. On December 20, 2023, having not heard a response, Evans submitted a grievance (No. 2023 12-2244-07B) regarding the seizure of his legal footlockers. Id. ¶¶ 22, 24. Evans claims that the grievance was improperly investigated, reviewed, and denied by Defendants Cobb, McCallum, Cargor, and Russell. Id. ¶¶ 66–74. On January 5, 2024, Evans "signed off" on this first grievance because it incorrectly named Rohrig as the RUM. Id. ¶ 34.

Evans claims that he did not have access to his legal footlockers from October 25, 2023 until December 20, 2023 or January 5, 2024. Id. ¶¶ 23, 32. Evans asserts that this has caused a

delay in the preparation of several post-conviction motions he plans to file in his criminal case.  Id. ¶ 23.

Evans asserts that, after he learned that his first grievance erroneously identified Ruhrig as the RUM, he filed a corrected grievance (No. 2024 01-0051-28A) naming Ulch.  Id. ¶¶ 29–31, 34. On January 5, 2024, Evans was called to the property room, and he learned that his legal footlockers were ordered to be returned to him.  He also received a copy of a notice to conduct an administrative hearing regarding the confiscation that was prepared by Ulch.  Id. ¶¶ 32–33.  Evans claims that the notice falsely claimed that three of five of Evans's footlockers needed to be destroyed due to their state of disrepair.  Id. ¶33.  Ulch wrote on the grievance form that Evans's footlockers had been returned.  Id. ¶ 35.

Evans claims that Defendants Cobb and McCallum thereafter erroneously rejected the corrected grievance as duplicative of the first grievance in order to conceal Ulch's illegal actions. Id. ¶¶ 35–37.  Evans additionally claims that McCallum failed to investigate his allegations and failed to interview him in an effort to retaliate against Evans for exposing Ulch and Cobb's wrongful conduct.  Id. ¶ 37.  Evans claims that the grievance was subsequently improperly investigated and denied by Defendants Cargor and Russell as well.  Id. ¶¶ 75–86.

Evans submitted yet another grievance (No. 2024 02-0331-28E) on January 30, 2024.  Id. ¶ 40.  This grievance concerned Cobb's failure to release all the documents related to his previous grievances.  Id. ¶ 40. Cobb rejected the grievance as untimely, falsely stating that it had not been submitted until February 2, 2024.  Id. ¶¶ 41–44.  Evans claims that on February 5, 2024, Defendant Drabek failed to investigate this grievance, which Evans claims allowed Cobb and Ulch's retaliatory conduct to stand.  Id. ¶¶ 45–46.  Evans claims that Defendants Cargor, and Russell also subsequently failed to properly investigate and review the grievance.  Id.  ¶¶ 87–96.

Evans filed a fourth grievance (No. 2024 02-0424-27B) on February 15, 2024, against Cobb for his failure to allow Evans to participate in the previous grievance reviews. Id. ¶¶ 47–48. He claims that McCallum, Cargor, and Russell then failed to properly investigate and review this later grievance. Id. ¶¶ 50–51, 97–104.

The complaint then turns to a second incident. Evans claims that, on June 12, 2024, there was a mass shakedown of his unit. Id. ¶ 52. He claims that John Doe 1, a trainer, directed John Does 2 and 3, trainees, to search Evans's cell for contraband. Id. ¶ 53. Evans claims that when he returned to his cell following the shakedown, he discovered that his typewriter supplies and documents necessary to file his post-conviction motion had been confiscated. Id. ¶¶ 54–55. Evans filed a fifth grievance (No. 2024 06-1213-28E) regarding the shakedown. Evans claims that Cobb denied this grievance in retaliation for his previous attempts to address the prior incident. Id. ¶¶ 56–61. Evans claims that McCallum, Cobb, Cargor, and Russell subsequently failed to adequately investigate and review this grievance. Id. ¶¶ 62–65, 105–116.

## II.    ANALYSIS

Evans's complaint does not list separate causes of action, but scattered throughout the factual allegations, he asserts that the conduct of Defendants: (i) violated his First Amendment right to access to the courts, (ii) constituted unlawful retaliation for Evans's exercise of his First Amendment rights, (iii) violated his right to pursue grievances and complaints, and (iv) that Defendants conspired together to violate his rights.

### A.    Denial of Access

Evans principally claims that the confiscation of his legal footlockers (and later his typewriter supplies) denied him his right to access to the courts. It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977);

Courtemanche v. Gregels, 79 F. App'x 115, 117 (6th Cir. 2003).  "[A] prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement."  Id.

A plaintiff alleging a denial-of-access claim must establish prejudice or actual injury as a result of the challenged conduct.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  Examples of prejudice include having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline.  Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005).  The plaintiff must show that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented.  Lewis, 518 U.S. at 354-356; Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

Under the pleading requirements of Federal Rule of Civil Procedure 8(a), to state a denial-of-access claim, a plaintiff must include in their complaint the "underlying cause of action and its lost remedy."  Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011) (punctuation modified, citation omitted).

Evans asserts that he was denied legal materials necessary to prepare post-conviction motions for his state criminal case.  He asserts that he was deprived of the legal materials from October 25, 2023, until December 20, 2023, or January 5, 2024.  He also asserts that typewriter supplies were confiscated during the second shakedown.

Nevertheless, Evans's denial-of-access claim fails because he does not allege that he suffered prejudice or an actual injury.  Evan's does not assert that he was actually prevented from filing his post-conviction motions or that they would be deemed untimely as a result of the disrupted access to his legal materials.  The Court notes that Evans was convicted in 1989.  The electronic docket sheet for the trial court indicates that Evans has never filed an appeal or post-

conviction motion.   See People v. Evans, Wayne Circuit No. 88-013525-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=310428.

If Evans intends to file a post-conviction motion, in order to establish entitlement to relief, he will be required to show "good cause" for failing to raise his issues on direct appeal, and "actual prejudice."  Mich. Ct. R. 6.508(D)(3).  Evans complaint does not allege facts showing that he has a nonfrivolous argument to overcome these hurdles.  Nor does Evans allege the existence of non-frivolous substantive claims challenging his conviction or sentence that have been lost as the result of the temporary unavailability of his legal materials.  That is, Evans failed to plead the required "underlying cause of action and its lost remedy[.]"  Brown, 415 F. App'x at 612. Therefore, Evans fails to a state a denial-of-access claim.  See Lewis, 518 U.S. at 355.

### B.     Retaliation

Evans claims throughout his complaint that the various Defendants tasked with responding to his grievances denied them in retaliation for his complaints regarding Ulch's improper seizure of his footlockers.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution.  See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (i) he was engaged in protected conduct; (ii) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (iii) the adverse action was motivated, at least in part, by the protected conduct.  Id.  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  See Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. See Smith, 250 F.3d at 1037; Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000). The Court will assume that Evans's initial grievances regarding the seizure of his legal footlockers qualifies as protected conduct.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. See Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005); Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987). Nevertheless, "alleging merely the ultimate fact of retaliation is insufficient." Murphy, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" Harbin-Bey, 420 F.3d at 580 (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538–1539 (6th Cir. 1987)); see also Murray v. Unknown Evert, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (punctuation modified)); Lewis v. Jarvie, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing Crawford-El v. Britton, 523 U.S. 574, 588 (1998))).

In some circumstances, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" Muhammad v. Close, 379 F.3d 413, 417–418 (6th Cir. 2004) (quoting DiCarlo v. Potter, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." Skinner v. Bolden, 89 F. App'x 579, 580 (6th Cir. 2004).

The complaint here merely alleges the ultimate fact of retaliation. Evans alleges no facts from which to reasonably infer that Defendants' adverse actions were motivated by any of his

protected conduct.  He merely concludes that the rejection of his grievances and appeals was

motivated by the fact that he initially complained about the wrongful seizure of his footlockers.  It

is not enough, however, for Evans to simply allege that he grieved a prison official and then, after

that grievance was filed, the rejection of every grievance that followed was the product of a

retaliatory motive.  See Spies v. Voinovich, 48 F. App'x 520, 524–525 (6th Cir. 2002) ("An inmate

cannot immunize himself from adverse administrative action by prison officials merely by filing a

grievance or a lawsuit and then claiming that everything that happens to him is retaliatory."

(punctuation modified)); Cain v. Lane, 857 F.2d 1139, 1143 n.7 (7th Cir. 1988) ("[N]ot every

claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit

against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner

must allege a chronology of events from which retaliation may plausibly be inferred.").

Accordingly, in the absence of any such factual allegations, the complaint fails to state a retaliation

claim against any of the Defendants.

### C.       Violation of Rights to Pursue Grievances and Complaints

Evans contends that the actions of the Defendants violated his constitutional right to pursue

grievances and complaints.  Evans, however, has no due process right to file a prison grievance.

There exists no constitutionally protected due process right to an effective prison grievance

procedure.  See Hewitt v. Helms, 459 U.S. 460, 467 (1983); Walker v. Mich. Dep't of Corr., 128

F. App'x 441, 445 (6th Cir. 2005); Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003);

Young v. Gundy, 30 F. App'x 568, 569–570 (6th Cir. 2002).  Michigan law does not create a

liberty interest in the grievance procedure.  See Olim v. Wakinekona, 461 U.S. 238, 249 (1983);

Keenan v. Marker, 23 F. App'x 405, 407 (6th Cir. 2001).  Because Evans has no liberty interest in

the grievance process, Defendants' conduct in failing to investigate or allow Evans to participate in the grievance proceedings did not deprive him of his federal rights.

Moreover, Plaintiff's First Amendment right to petition the government was not violated by the manner in which Defendants handled the grievances and complaints. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Minn. State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Evans fails to state a claim against the grievance respondent Defendants based on their alleged lack of an adequate response because "[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." Lee v. Mich. Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004); see also Proctor v. Applegate, 661 F. Supp. 2d 743, 755 (E.D. Mich. 2009) (holding that "a prison official's failure to respond to a prisoner's letter or grievance does not state a constitutional claim").

### D. Conspiracy to Violate Constitutional Rights

Plaintiff asserts throughout his complaint that Defendants conspired together to violate his constitutional rights.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." Revis v. Meldrum, 489 F.3d 273, 290 (6th Cir. 2007). To survive dismissal, a Plaintiff must allege facts that, when accepted as true, would allow a juror to find that "'(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the

plaintiffs of their constitutional rights, and (3) an overt act was committed' in furtherance of the conspiracy that caused the injury." <u>Robertson v. Lucas</u>, 753 F.3d 606, 622 (6th Cir. 2014) (quoting <u>Revis</u>, 489 F.3d at 290). "Although circumstantial evidence may prove a conspiracy, '[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" <u>Heyne v. Metro. Nashville Pub. Sch.</u>, 655 F.3d 556, 563 (6th Cir. 2011) (quoting <u>Spadafore v. Gardner</u>, 330 F.3d 849, 854 (6th Cir. 2003)).

Evans's allegations of a conspiracy between Defendants is wholly conclusory and speculative. He does not allege facts showing Defendants entered into an agreement. Nor does he allege facts suggesting a shared objective between Defendants to deny Evans his constitutional rights. There is simply no factual development of this claim in the complaint beyond merely stating that Defendants conspired together. This is insufficient to state a claim. "An allegation of parallel conduct and a bare assertion of conspiracy will not suffice." <u>Twombly</u>, 550 U.S. at 556. Without more, "merely parallel conduct [] could just as well be independent action." <u>Id</u>. at 557. Evans therefore fails to a state a conspiracy claim against any of the Defendants.

### III.   CONCLUSION

Evans fails to state a claim cognizable under § 1983 against any of the Defendants named in the complaint. It is therefore ordered that the case is summarily dismissed for Plaintiff's failure to state a claim.


SO ORDERED.

Dated:  February 27, 2025                          s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                    United States District Judge